

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLORIA ALVAREZ<br><br>　　　Plaintiff<br><br>vs.<br><br>LAW OFFICE OF HARRISON ROSS BYCK, P.C.<br><br>　　　Defendant | Case Number: 12   1294<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

FILED
MAR 13 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Gloria Alvarez, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Gloria Alvarez, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Plaintiff resides in this district.

### III.  PARTIES

4. Plaintiff, Gloria Alvarez, (hereafter, Plaintiff) is an adult natural person residing 2152 Fainshawe Street, Phila., PA 19149. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Law Office of Harrison Ross Byck, P.C., (hereafter, Defendant), at all times relevant hereto, is and was a professional corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with a primary address located at 229 Plaza Blvd., Ste. 112, Morrisville, PA. 19067.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. In or around June, 2011, Plaintiff started to receive collection calls from the Defendant on a debt allegedly owed to FIA Card Services.

8. Plaintiff was informed that she owed approximately $4,000.00.

9. Plaintiff informed the Defendant at that time that she did not have the money to pay off her debt.

10. Defendant continued to call the Plaintiff daily.

11. In or around December, 2011, Plaintiff received a summons from Defendant for the above referenced debt.

12. Plaintiff called the Defendant at that time to try and make payment arrangements.

13. Defendant's agent, "Mr. Taylor", informed the Plaintiff that she would need to pay the debt off in full.

14. Plaintiff was told to borrow the money from her 401K.

15. Plaintiff informed Defendant's agent, "Mr. Taylor", that she could not borrow from that account and asked the Defendant to please work with her on an agreeable payment arrangement.

16. Defendant's agent, "Mr. Taylor", offered the Plaintiff the opportunity to pay $50.00 in December, 2011, and $50.00. in January, 2012.

17. Plaintiff was to then call the Defendant in February, 2012, to make a payment of $2,600.88.

18. Plaintiff agreed to the above.

19. At that time, Plaintiff gave the Defendant her checking account information to set up the automatic withdraws.

20. Defendant did not issue payment confirmation in writing.

21. As agreed, Plaintiff paid the $50.00 payments in December and January.

22. On or about February 29, 2012, Plaintiff called Defendant to set up the February payment of $2,600.88.

23. Defendant's agent, "Mr. Taylor", scolded the Plaintiff for waiting until the last day of the month to contact the Defendant to make her payment.

24. Defendant's agent, "Mr. Taylor", then stated that now he would not accept anything less than $4,000.00.

25. Plaintiff tried to explain that they had agreed upon the $2,600.88, and that she did not have $4,000.00 to pay.

26. Defendant's agent, "Mr. Taylor", again requested that the Plaintiff borrow the money from a 401K.

27. Defendant's agent, "Mr. Taylor", continued to interrupt the Plaintiff and would not allow her to speak.

28. Plaintiff was told to "stop interrupting" if she tried to ask the agent a question.

29. During this same call, Defendant's agent, "Mr. Taylor", asked the Plaintiff if she was "delusional", to think she could get away without paying her debt.

30. Plaintiff asked Defendant's agent, "Mr. Taylor", if he had just in fact referred to her as "crazy", to which, Defendant's agent, responded, he doesn't use those kinds of words, that he used the "proper word for crazy".

31. Defendant's agent, "Mr. Taylor", continued to berate and belittle the Plaintiff.

32. Plaintiff's call was then transferred to a manager of the Defendant, "James Baker".

33. Defendant's manager, "James Baker", immediately started to scold the Plaintiff, telling her that he didn't want her $2,000.00 and that he wanted his $4,000.00.

34. Despite Plaintiff's agreement to pay off the account, the Defendant refused to honor the settlement agreement; defendant's agent, "James Baker", went on to threaten to come into the Plaintiff's home and assess and sell her belongings to get what he was owed.

35. Plaintiff was told that she would be going to court and warned that a judge would never be lenient with her.

36. Defendant's agent, "James Baker", told the Plaintiff that he was not "customer service" and that he was not there to help her.

37. Before ending the call, Defendant's agent, "James Baker", without confirming any settlement offer, informed the Plaintiff that the Defendant would be marking her file and coming for at least $2,000.00.

38. Defendant continued to call the Plaintiff at her home and on her personal cell phone daily.

39. On or about March 5, 2012, Plaintiff was informed by her next door neighbor that the Defendant had called and stated that he needed to get in touch with the Plaintiff as soon as possible, as well as informing the neighbor the reason for their call.

40. On or about that same day, Plaintiff discovered that the Defendant had in fact tried to withdrawal $2,000.00 from the Plaintiff's checking account which is shared with her husband.

41. Plaintiff did not have the money in her account.

42. On or about March 7, 2012, at 5:15 pm, Plaintiff received another call from the Defendant demanding that she call to make payment arrangement by 8:30 that evening.

43. On or about March 8, 2012, Defendant called Plaintiff again insisting that she do the right thing and call the Defendant back immediately.

44. On or about March 9, 2012, at approximately 9:00 am, Defendant called the Plaintiff again for payment.

45. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

46. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

47. The Defendant and their agent's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable.

48. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

49. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

50. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

51. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

52. As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

53. The above paragraphs are hereby incorporated herein by reference.

54. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

55. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time and place |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

56. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

57. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

58. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

59. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

60. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

61. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

62. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

63. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

64. The foregoing paragraphs are incorporated herein by reference.

65. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

66. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

67. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c. Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

68. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

69. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Date:  March 12, 2012

**Respectfully submitted,**

**WARREN LAW GROUP, P.C.**

**BY:** /s/
Bruce K. Warren, Esquire

Warren Law Group, PC
57 Cooper Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)848-4518
Attorney for Plaintiff